[642 NYS2d 926]

In the Matter of DAVID J. GOLD (Admitted as DAVID JEFFREY GOLD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 13, 1996

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Sharon M.J. Commissiong* of counsel), for petitioner.

*David J. Gold,* New York City, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent is charged with two allegations of professional misconduct, emanating from a dispute

between himself and the complainant, an attorney who he had retained to appear on his behalf in a calendared civil matter. The Special Referee did not sustain either of the two charges. The Grievance Committee moves to disaffirm the Special Referee's report, while the respondent cross-moves to confirm the report and to dismiss all charges against him.

Charge One alleged that the respondent engaged in a pattern of conduct designed to obstruct and unreasonably delay legal proceedings in a dispute between himself and the complainant.

The complainant appeared on the scheduled trial date but was unable to proceed to trial when her adversary argued that the respondent's pleadings were faulty. The complainant was granted an adjournment for the purpose of amending the pleadings. Although the respondent had previously agreed to compensate the complainant, he refused to do so and thereafter refused to take her telephone calls.

By letter dated March 30, 1992, the complainant billed the respondent for her legal services, demanding $143 as soon as possible. By letter dated April 2, 1992, the respondent expressed outrage that the complainant had not telephoned him to explain her position. He acknowledged the existence of a compensation agreement but took issue with the amount of compensation sought by the complainant for her court appearance.

By letter dated April 22, 1992, the complainant requested payment of $130 by April 30, 1992, and warned that the matter would otherwise be handled by her firm's collection attorneys and a demand for the full hourly rate, plus costs and interest, would be made. In response, the respondent threatened the complainant with a malpractice action based upon her handling of the civil matter. Noting that the complainant did not "practice with professional liability insurance", the respondent advised her to "proceed with caution".

The complainant thereafter commenced a small claims action against the respondent to recover $750. The small claims summons advised the respondent that a hearing was scheduled for June 30, 1992, at 6:00 P.M. The respondent moved (1) to dismiss the small claims summons for failure to state a cause of action and (2) for the imposition of costs and sanctions in the sum of $10,000, based upon the institution of a frivolous lawsuit. In the alternative, the respondent sought leave to interpose an answer and to conduct pretrial disclosure on his counterclaim. The respondent did not file his motion with the

court until on or about June 29, 1992, the day before the scheduled hearing. The complainant did not receive the respondent's motion until on or about July 9, 1992. Consequently, the complainant appeared for the scheduled hearing on June 30, 1992, unaware of the adjournment, at the respondent's request, to July 28, 1992.

Extensive litigation then ensued: an appeal to the Appellate Term from the order of the District Court which denied the respondent's motion to dismiss the complaint; dismissal of that appeal based on the respondent's failure to perfect; a malpractice action commenced by the respondent in the Supreme Court, Nassau County, seeking damages of $1,000,000, based on the complainant's alleged mishandling of the civil matter for which she had appeared on the respondent's behalf on February 27, 1992, and the ultimate dismissal of the malpractice action.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Two alleged that the respondent filed a frivolous malpractice action against the complainant in an attempt to persuade her to withdraw her small claims action against him.

In his letters to the complainant of April 1992, the respondent first indicated that he had "plenty of business" which he could forward to her but for her "billing attitude". He then threatened to institute a malpractice action against the complainant if she insisted on pursuing her fee.

In his motion to dismiss the complainant's small claims action, the respondent sought leave to interpose a counterclaim. Instead, he barraged the complainant with motions for approximately one year, until he filed, not a counterclaim, but a completely separate malpractice action which alleged that it was the complainant's negligence and carelessness which prevented the civil matter from proceeding to trial on February 27, 1992. The respondent further alleged that as a result of the complainant's negligence, the respondent was instructed by the client to discontinue all collection efforts on his behalf, which damaged the respondent's reputation in the collection industry. According to the respondent, the complainant's representations to him that she was competent to handle the matter were false and misleading, resulting in damages to him of $1,000,000.

By virtue of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Based on the evidence adduced, we conclude that the Special Referee erred in failing to sustain the charges to the extent indicated. Accordingly, the Grievance Committee's motion to disaffirm the Special Referee's report is granted and the charges are sustained to the extent that violations of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) are alleged. The respondent's cross motion to confirm is granted to the extent that the charges are sustained solely with respect to Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

In determining an appropriate measure of discipline to impose, we have considered the respondent's contentions regarding the Grievance Committee's extensive delay in making its motion to disaffirm and his characterization of this entire incident as his attempt to defend himself against a frivolous action in a vigorous and competent manner. Nevertheless, the respondent's lack of professional courtesy and his substantial contributions to an already overburdened judicial system, culminating in the dismissal of his lawsuit, cannot and will not be condoned. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to disaffirm the report of the Special Referee is granted to the extent that violations of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) are sustained and that the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm the Special Referee's report is granted to the extent that the sole Disciplinary Rules violated are Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, David J. Gold, is hereby censured.